ALFRED ROWLAND and others *v.* JOSEPH THOMPSON and others.

Where there appears upon the record no waiver of trial by a jury, *it is error* for the presiding Judge to determine the facts.

This was a CIVIL ACTION, by the plaintiffs, former wards of the defendant, for the cancellation of a certain deed executed by defendant, and for an account and the appointment of a receiver, tried before his Honor, *Judge Clarke,* at the Special (January) Term, 1874, of ROBESON Superior Court.

The following is the statement of the case sent up to this Court.

" Upon the argument of counsel for plaintiffs and defendants before his Honor, the defendants insisted that inasmuch as there was no replication filed, the answer must be taken as true, and asked that the case be dismissed. The Court decided that a general replication, not in writing, was sufficient.

The defendants asked leave of the Court to introduce evidence to prove each allegation in the 2d, 3d, 6th, 7th and 8th paragraphs of W. P. Moore's answer, and each allegation in the 2d, 3d, 6th and 7th paragraphs of N. J. Thompson's answer ; the court declined to hear the evidence for the defendants, for the reason as the Court alleged, that the pleadings were sufficient for him to decide the case, and ordered the Clerk of the Court to enter the verdict and decree."

As the case went off in this Court, upon the insufficiency of the record, his Honor's decree in favor of the plaintiffs need not be stated.

Defendants appealed.

*N. A. McLean, Faircloth,* and *Jones & Jones,* for appellants.
*Leitch, Strange* and *W. McL. McKay,* contra.

SETTLE, J. The record in this case is confused and unsatisfactory, so much so as to leave us in doubt of some things nec-

essary for an intelligent solution of the questions intended to be presented.

The pleadings raised issues of fact, which could only be determined by a jury, unless the parties waived a trial by jury, and submitted the questions of facts, as well as of law, to be determined by his Honor.

But we cannot gather from the record, whether a trial by jury was waived or not waived, or indeed whether or not a jury was actually empannelled on the case.

The case states that "the defendants asked leave of the Court to introduce evidence to prove certain facts, and the Court declined to hear the evidence, for the reason, as the Court said, that the pleadings were sufficient for him to decide the case upon, and ordered the Clerk to enter the following *verdict* and decree," &c.

If it was a trial by jury, his Honor should not have taken the issues of fact from them. And if there was no waiver of a trial by jury, his Honor had no right to determine the questions of fact. In either point of view presented by the record, there appears to be error, when perhaps there may have been none at the trial.

But as we are bound by the record, let it be certified that there is error.

PER CURIAM.                    Judgment reversed.